******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* DEREK GEANURACOS
(AC 43565)

Bright, C. J., and Cradle and Suarez, Js.

*Syllabus*

Convicted, after a jury trial, of the crimes of burglary in the third degree and larceny in the third degree, the defendant appealed to this court, challenging the sufficiency of the evidence to support the charge of burglary. The defendant was involved in a relationship with V, whom he visited frequently at her home. After the defendant drove V home from a medical appointment, he was in her bedroom with her while she was removing jewelry that she had been wearing. Shortly thereafter, V discovered that some of her jewelry was missing and she filed a police report. When V confronted the defendant, he admitted to stealing her jewelry. *Held* that the evidence adduced at trial was insufficient to support the defendant's conviction of burglary in the third degree: the state conceded that it failed to prove that the defendant entered or remained unlawfully in V's home; V testified to the contrary that the defendant was allowed in her home only when she or her children were present or with her permission, V did not contend that the defendant had ever entered her home without her permission, and the state did not present any evidence that the defendant had entered her home at any time without her permission; moreover, although the prosecutor argued that the defendant's permission to be in V's home was implicitly revoked when he stole her jewelry, the state did not present any evidence surrounding the actual circumstances of the theft of the jewelry, V did not know exactly when her jewelry was stolen, only that it had been stolen within a few days prior to her discovery that it was missing, and, because the defendant stole V's jewelry without her knowledge, the jury could not reasonably have concluded that he did so in a manner likely to terrorize her.

Submitted on briefs January 11—officially released March 23, 2021

*Procedural History*

Substitute information charging the defendant with the crimes of larceny in the second degree and burglary in the third degree, brought to the Superior Court in the judicial district of Danbury and tried to the jury before *D'Andrea, J.*; verdict and judgment of guilty of burglary in the third degree and of the lesser included offense of larceny in the third degree, from which the defendant appealed to this court. *Reversed in part; judgment directed.*

*Joseph G. Bruckman*, public defender, for the appellant (defendant).

*Alexandra Arroyo*, special deputy assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, *Melissa Patterson*, senior assistant state's attorney, and *Warren C. Murphy*, former supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Derek Geanuracos, appeals from the judgment of conviction, rendered after a jury trial, of burglary in the third degree in violation of General Statutes § 53a-103 (a).[1] On appeal, the defendant argues that the evidence adduced at trial was insufficient to support his conviction. We agree, and reverse in part the judgment of the trial court.

The jury reasonably could have found the following facts. In May, 2016, the defendant was involved in an intimate relationship with Marisa Vivaldi, whom he visited frequently at her home in Danbury. The defendant was not permitted to be in Vivaldi's home unless she or her children were present. On May 4, 2016, after the defendant drove Vivaldi home from a medical appointment, he was in her bedroom with her while she was removing jewelry that she had been wearing and putting it in her dresser. The defendant asked Vivaldi if all of her jewelry was made of gold. Vivaldi told the defendant that it was, and explained that it had either been gifted to her when she was a child, or she had inherited it from her mother.

On May 8, 2016, Vivaldi discovered that some of her jewelry was missing and she filed a police report. The investigating officers learned that the defendant had sold several pieces of Vivaldi's jewelry to CT Gold & Silver Brokers in New Milford for $724.75. When Vivaldi confronted the defendant, he admitted to stealing her jewelry, which Vivaldi valued at approximately $14,000, and apologized. He offered to reimburse her for a portion of the cost of the jewelry in exchange for her dropping the charges, but she declined.

Following a jury trial, the defendant was found guilty of larceny in the third degree in violation of General Statutes § 53a-124 (a) (2) and burglary in the third degree in violation of § 53a-103 (a). The trial court sentenced him to identical, concurrent sentences on each conviction, resulting in a total effective sentence of five years of incarceration, execution suspended, followed by four years of probation. This appeal followed.

On appeal, the defendant challenges the sufficiency of the evidence underlying his burglary conviction. "In reviewing a sufficiency of the evidence claim, we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [jury] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt . . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict. . . .

"We note that the jury must find every element proven beyond a reasonable doubt in order to find the defendant

guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. . . .

"Review of any claim of insufficiency of the evidence introduced to prove a violation of a criminal statute must necessarily begin with the skeletal requirements of what necessary elements the charged statute requires to be proved. . . . Once analysis is complete as to what the particular statute requires to be proved, we then review the evidence in light of those statutory requirements." (Citations omitted; internal quotation marks omitted.) *State* v. *Marsan*, 192 Conn. App. 49, 61–62, 216 A.3d 818, cert. denied, 333 Conn. 939, 218 A.3d 1049 (2019).

Section 53a-103 (a) provides: "A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein." The defendant contends that the evidence adduced at trial was insufficient to prove that he "enter[ed] or remain[ed] unlawfully" in Vivaldi's home. On appeal, the state concedes that it did, in fact, fail to prove that requisite element of the defendant's burglary charge, and we agree.

"A person 'enters or remains unlawfully' in or upon premises when the premises, at the time of such entry or remaining, are not open to the public and when the actor is not otherwise licensed or privileged to do so." General Statutes § 53a-100 (b). "[T]o remain unlawfully means that the initial entering of the building . . . was lawful but the presence therein became unlawful because the right, privilege or license to remain was extinguished." (Internal quotation marks omitted.) *State* v. *Stagnitta*, 74 Conn. App. 607, 612, 813 A.2d 1033, cert. denied, 263 Conn. 902, 819 A.2d 838 (2003). This court has held that, "even if one is lawfully admitted into a premises, the consent of the occupant may be implicitly withdrawn if the entrant terrorizes the occupants." *State* v. *Henry*, 90 Conn. App. 714, 726, 881 A.2d 442, cert. denied, 276 Conn. 914, 888 A.2d 86 (2005). In other words, for his "license to have been implicitly revoked in order to have remained unlawfully for purposes of burglary, the defendant must have committed larceny in a manner likely to terrorize occupants of the victim's home." (Internal quotation marks omitted.) *State* v. *Marsan*, supra, 192 Conn. App. 63.

Here, the state did not present any evidence that the defendant entered or remained in Vivaldi's home unlawfully. To the contrary, Vivaldi testified that the defendant was allowed in her home only when either she or

her children were present, and that he had otherwise been in her home on only one occasion, when she gave him a key and asked him to retrieve something for her. She did not contend at trial that the defendant had ever entered her home without her permission, and the state did not present any evidence that the defendant had entered her home at any time without her permission. To support the burglary conviction, the state was required to prove that the defendant remained in her home unlawfully. The prosecutor argued to the jury that the defendant "remained in the building unlawfully with the intent to commit a crime and the underlying crime had been larceny." In other words, the prosecutor argued that the defendant's permission or license to be in Vivaldi's home was implicitly revoked when he stole her jewelry. The state did not, however, present any evidence surrounding the actual circumstances of the theft of the jewelry. Vivaldi did not know exactly when her jewelry was stolen, only that it had been within the few days prior to her discovery that it was missing. Because the defendant stole Vivaldi's jewelry without her knowledge, the jury could not reasonably have concluded that he did so in a manner likely to terrorize her.[2] Accordingly, we conclude that there was insufficient evidence to sustain the defendant's conviction of burglary in the third degree.

The judgment is reversed as to the conviction of burglary in the third degree and the case is remanded with direction to render a judgment of acquittal on that charge; the judgment is affirmed in all other respects.

[1] The defendant also was found guilty of larceny in the third degree in violation of General Statutes § 53a-124 (a) (2). He has not challenged that conviction.

[2] The prosecutor did not argue to the jury that the defendant committed the larceny in a manner likely to terrorize Vivaldi, nor did the court instruct the jury that it needed to find that he did so to find him guilty of burglary.